UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
JERMAINE McGINNIS,

                        Plaintiff,

-against-

ORANGE COUNTY JAIL; THE TOWN OF
WALKHILL POLICE DEPARTMENT,

                        Defendants.
---------------------------------------------------------------



22-CV-3335 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated May 20, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses Plaintiff's claims against the Town of "Walkhill" Police Department, construes Plaintiff's claims against the Orange County Jail as being asserted against Orange County, directs the Clerk of Court to add Correction Officers Bandes, Carter, Donahough, and Powel as Defendants, and directs service on Defendants.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.  **Town of "Walkhill" Police Department**

Plaintiff's claims against the Town of "Walkhill" Police Department, which the Court understands to be Town of Wallkill Police Department, must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The Court therefore dismisses Plaintiff's claims against the Town of "Walkhilll" Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **Orange County Jail**

Plaintiff's claims against the Orange County Jail must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. The Orange County Jail is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning

of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). The Court therefore dismisses Plaintiff's claims against the Orange County Jail. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against Orange County, the Court construes the complaint as asserting claims against Orange County and directs the Clerk of Court to add Orange County as a Defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Orange County may wish to assert.

**C.     Correction Officers Bandes, Carter, Donahough, and Powel**

In the complaint, Plaintiff alleges that while he was on a mental health watch, Bandes gave him a piece of glass, and Bandes threatened to harm Plaintiff if he did not cut himself with the glass. Plaintiff also alleges that Carter threatened to harm him if he did not injure himself. Plaintiff further alleges that Donahough and Powel used excessive force against him.

In light of these allegations, the Court directs the Clerk of Court to add "Correction Officer Bandes, Badge # 105 or 106"; "Correction Officer M. Carter, Badge #339"; "Correction Officer Donahough"; and "Correction Officer D. Powel" as Defendants. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses these defendants may wish to assert.

D.   **Service on Orange County and Correction Officers Bandes, Carter, Donahough, and Powel**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Orange County, and Correction Officers Bandes, Carter, Donahough, and Powel through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

E.  **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled <u>"Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."</u> Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Court dismisses Plaintiff's claims against the Town of "Walkhill" Police Department and the Orange County Jail. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to add Orange County, "Correction Officer Bandes, Badge # 105 or 106"; "Correction Officer M. Carter, Badge #339"; "Correction Officer Donahough"; and "Correction Officer D. Powel" as Defendants under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses for Orange County and Correction Officers Bandes, Carter, Donahough, and Powel, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 1, 2022
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Orange County
   Office of the Orange County Attorney
   Orange County Government Center
   255 Main Street
   Goshen, NY 10924

2. Correction Officer Bandes, Badge # 105 or 106
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

3. Correction Officer M. Carter, Badge # 339
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

4. Correction Officer Donahough
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

5. Correction Officer D. Powel
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924