UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------------------x

JERMAINE MCGINNIS,
                        Plaintiff,

v.

ORANGE COUNTY; CORRECTION
OFFICER BANDES, Badge #105 or #106;
CORRECTION OFFICER M. CARTER, Badge
#339; CORRECTION OFFICER
DONAHOUGH; and CORRECTION
OFFICER D. POWEL,
                        Defendants.

-------------------------------------------------------------x

**ORDER**

22 CV 3335 (VB)



         Plaintiff, proceeding <u>pro se</u> and <u>in forma pauperis</u>, brings this Section 1983 action against Orange County, Correction Officer Bandes, Correction Officer M. Carter, Correction Officer Donahough, and Correction Officer D. Powel.

         On June 27, 2022, the Court received from plaintiff (i) an objection to the Court's Order dismissing defendants Orange County Jail and the Walkhill Police Department and directing the other defendants be served (Doc. #13); (ii) a motion for appointment of counsel (Doc. #14); (iii) a motion for discovery (Doc. #14); (iv) a request to amend his complaint to add a new defendant (Doc. #15); (v) and an additional exhibit to support his case. (Doc. #16).

         Each submission is addressed in turn.

I.     <u>Objection</u>

         Plaintiff objects to the Court's Order (Doc. #10) dismissing defendants Orange County Jail and the Walkhill Police Department and directing the individual defendants be served with process.

         The Court construes plaintiff's objection as a motion for reconsideration, which is DENIED.

         First, the Court did not close plaintiff's case or dismiss any claims against Orange County or any individual officers. The Court directed the U.S. Marshals Service to serve Orange County, Correction Officer Bandes, Correction Officer M. Carter, Correction Officer Donahough, and Correction Officer D. Powel with summonses and plaintiff's complaint.

         Second, to the extent plaintiff seeks reconsideration of the Court's decision to dismiss Orange County Jail and the Walkhill Police Department, the motion is denied.

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).  Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision.  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Local Civil Rule 6.3.  The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The Court dismissed (i) Walkhill Police Department because local police departments cannot be sued under New York law and (ii) Orange County Jail because local jails cannot be sued for constitutional violations under federal law.  (Doc. #10, at 2–3).  Plaintiff does not point to any facts or cases that would alter the Court's conclusions.

Accordingly, plaintiff's motion for reconsideration must be denied.

II.     Motion for Appointment of Counsel

Plaintiff moves for appointment of counsel.

The motion is DENIED WITHOUT PREJUDICE to renewal.

The Court has considered the type and complexity of this case, the merits of plaintiff's claims, and plaintiff's ability to present the case.  The Court, in its discretion, does not find exceptional circumstances in plaintiff's case warranting the appointment of counsel at this time. See 28 U.S.C. § 1915(e)(1); Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

Accordingly, plaintiff's request is DENIED WITHOUT PREJUDICE for renewal at an appropriate time in the future.

III.    Motion for Discovery

Plaintiff requests defendants turn over certain video recordings.

Plaintiff's request is DENIED.

Unless the Court orders otherwise, the parties in a civil case "must confer as soon as practicable" about, among other things, the discovery process. Fed. R. Civ. P. 26(f).  "A party may not seek discovery from any source before" this conference, except when authorized by the Federal Rules of Civil Procedure, agreement of the parties, or court order. Id. r. 26(d)(1).  In determining whether to permit a plaintiff to seek discovery before the Rule 26(f) conference, courts have considered "the specificity" of the plaintiff's discovery requests, and "the need for" the requested discovery. Cf. Arista Recs., LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010).

Here, the Court will not, at this stage of the case, direct defendants to turn over certain materials. Plaintiff has not established the need for discovery at this stage of the case, that is, before defendants have been served with the complaint or appeared in the case.

According, plaintiff's motion is denied.

IV.    Request to Amend and Additional Exhibit

Plaintiff requests to amend his complaint to add a new defendant and also submits an additional exhibit to support his case.[1]

Plaintiff may amend his complaint as a matter of right at this stage of the case. Fed. R. Civ. P. 15(a)(1). Accordingly, plaintiff shall file his amended complaint, together with any exhibits he wishes the Court to consider, by **July 28, 2022**. An amended complaint form is attached to this order.

**The amended complaint will completely replace the complaint. Therefore, plaintiff must include in the amended complaint all information necessary for his claims.**

Accordingly, plaintiff's request to file an amended complaint is granted.

## CONCLUSION

Plaintiff's motion for reconsideration is DENIED.

Plaintiff's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

Plaintiff's motion for discovery is DENIED.

Plaintiff's motion for leave to amend his complaint is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion. (Doc. #14).

The Clerk is further instructed to place under seal Document #16. Document #16 should be viewable only by parties to this case.

---

[1]    The additional exhibit includes plaintiff's birthdate and other sensitive information, and it shall be placed under seal in accordance with Rule 5.2 of the Federal Rules of Civil Procedure.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: June 28, 2022
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

No. 22 CV 3335 (VB)

(To be filled out by Clerk's Office)

## AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.   .

_____

First Name          Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City          State          Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:
_____
First Name            Last Name              Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City              State              Zip Code

Defendant 2:
_____
First Name            Last Name              Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City              State              Zip Code

Defendant 3:
_____
First Name            Last Name              Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City              State              Zip Code

Defendant 4:
_____
First Name            Last Name              Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City              State              Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
| --- | --- |

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

| Prison Address |
| --- |

| County, City | State | Zip Code |
| --- | --- | --- |

Date on which I am delivering this complaint to prison authorities for mailing:  _____

Page 6